## H. Homuth v. R. Zapp, Administrator, etc.

1. Judgment having been rendered by a justice of the peace in favor of an administrator for rent accrued since the death of his intestate, the defendant sued out a *certiorari* to the District Court, alleging, among other things, that when administration was granted to the plaintiff the intestate had been dead four or five years; that there were no assets and no debts against the estate; that a guardian had been appointed for the intestate's heirs, who were minors; and therefore the administration, being unnecessary, was a nullity, and it was prayed that the letters of administration be revoked. On the trial in the District Court the jury found a general verdict for the defendant; whereupon the court rendered judgment that the plaintiff take nothing by his suit and that defendant recover costs of the plaintiff as administrator. Defendant moved for a new trial because the judgment did not revoke the administration nor tax the plaintiff individually with the costs; and the new trial being refused. defendant assigns the same objections as error in this court. *Held*, that the administration cannot be vacated in this proceeding; and that the other pretext for resort to this court is frivolous.

ERROR from Fayette. Tried below before the Hon. George W. Smith.

Zapp, defendant in error, was administrator of the estate of Mary Craig, deceased, and in that capacity sued Homuth for $100, rent of a house and certain lots in the town of LaGrange. The justice rendered judgment for the plaintiff, and Homuth sued out a *certiorari* to the District Court, where he defeated the plaintiff on the merits so far as the claim for rent went. But he was dissatisfied with this result, because the plaintiff's letters of administration were not revoked, for reasons set forth in his petition for the *certiorari* and already indicated in the head note; and also because the costs were adjudged against the plaintiff in his fiduciary instead of his individual capacity.

The same reasons constitute the gravamen of the errors assigned by him.

*W. G. Webb*, for plaintiff in error, cited Bufford v. Holliman, 10 Texas, 560; Cain v. Hass, 18 Texas, 616, and Cochran v. Thompson, 18 Texas, 652, to show that the administration was void.

No brief for defendant in error.

WALKER, J.—The appeal in this case is based upon frivolous ground. The object sought is, through this court, to revise a judgment for costs rendered in the District Court against defendant in error, as the administrator of Mary Craig's estate, and tax them against him in his individual capacity; and we are asked to impeach the action of the County Court in granting letters of administration to Zapp. This is not a proceeding in which the same can be done. The judgment of the District Court is affirmed, with costs to defendant in error.

                                                    Affirmed.